UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| United States of America | ) | |
|---|---|---|
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | Case No.: 2:02-CR-20-01 |
| Corey James Baker | ) | |
| | ) | |

An Amended Petition (Doc. 136) alleges that Corey James Baker violated several conditions of his supervised release. The petition was referred to this Court for hearing, and for preparation of this Report and Recommendation. (Doc. 142)

At a January 17, 2012 hearing, Baker admitted to each of the allegations of the petition. The parties agree that a requirement that Baker spend time at a residential re-entry center is an appropriate sanction, but differ on details of that placement. This Court recommends that Baker be required to complete a placement of up to twelve months at a facility determined by the supervising probation officer, and that he be required to participate in a drug and alcohol treatment program while there.

## FACTS

In 2002, Baker was ordered to serve 121 months in custody, followed by five years of supervised release, as a result of a drug crime. He began his supervised release term on July 13, 2010. Baker did well his first year on supervised release. He lived in Fargo, maintained employment, followed an addiction recovery plan, and contacted his supervising probation officer regularly.

In July 2011, Baker moved from Fargo to the Spirit Lake Reservation. He has had only sporadic contact with the supervising probation officer since leaving Fargo. He has reported for few drug tests, and has had two tests that were presumed positive for amphetamines. He has not been employed, or worked to complete his community service obligation.

The Amended Petition alleges:

- failure to submit to drug testing,
- failure to complete community service,
- failure to provide employment verification,
- failure to report to the supervising probation officer,
- testing positive for marijuana when arrested on January 4, 2012, and
- having an outstanding Benson County warrant for failure to pay child support.

At the hearing, Baker admitted to each of the allegations. He addressed the court personally, and stated that he recognized that he had not given the Devils Lake supervising probation officer a chance to work with him. He identified family issues as the reason for his move from Fargo to Spirit Lake. He stated a desire to stay in the Spirit Lake area, and to find employment as a heavy equipment operator, for which he is trained.

Baker did not contest the government's motion for detention, and has been in federal custody since January 4, 2012, pursuant to this Court's order of January 9, 2012. (Doc. 140)

### **GUIDELINES POLICY STATEMENTS**

At the time of the original sentencing, Baker was in Criminal History II. The violations to which he has admitted are of Grade C. Under those circumstances, the policy statements suggest a term of custody of four to ten months if release is revoked.

### **PARTIES' POSITIONS ON DISPOSITION**

The United States asks that supervised release be revoked, and that Baker be resentenced to serve twelve months at Centre, Inc., followed by 46 months of supervised release.

Baker asks that conditions of supervision be modified, to require a placement at Lake Region

Residential Re-entry Center with the length of the placement being determined by the supervising probation officer. Baker acknowledges that completion of an alcohol and drug treatment should be a condition of his supervised release. He requests that his term of supervised release continue for 36 months from the date of his arrest on this petition.

## **DISCUSSION**

Baker's first year of supervised release demonstrates that he has the capacity to do well. However, his performance on supervised release deteriorated after his move from Fargo to Spirit Lake. As a trained heavy equipment operator, he should have had many employment opportunities in the Spirit Lake region over the summer and fall, but he did not follow through to obtain employment. Baker made no excuses for his violations, and appeared sincere in acknowledging his failures. He states that he is now motivated to again focus on alcohol and drug treatment, and to seek employment.

At the hearing, the supervising probation officer reported that Centre's Fargo residential re-entry center would have space available for Baker immediately, but that the Lake Region Residential Re-entry Center would not have space available until late February or early March. Subsequent to the hearing, the supervising probation officer advised this Court via email that it would likely be April before the Lake Region facility would have space available for Baker.

Placement at the Lake Region facility, as Baker requests, has the potential advantage of allowing him to find employment that could continue after his residential re-entry center placement is completed. Baker stated at the hearing that he planned to live at Spirit Lake after completing the residential re-entry center placement. However, the fact that he did poorly on supervision from the time he moved to Spirit Lake suggests that he was not ready to return to the environment that contributed to his criminal behavior. Even if space were immediately available at the Lake Region Residential Re-entry Center, it appears that Centre's residential re-entry center is a better choice for Baker at this time.

## RECOMMENDATION

This Court recommends:

1) that the Chief District Judge find that Baker violated conditions of supervised release as alleged in the petition,

2) that conditions of supervised release be modified to require that Baker complete a residential re-entry center placement of up to twelve months, at a facility determined by the supervising probation officer, with the actual length of the placement determined by the supervising probation officer,

3) that Baker be required to participate in alcohol and drug treatment, and aftercare, while in the re-entry center placement, and

4) that Baker's term of supervised release continue through its scheduled completion date.

## OPPORTUNITY FOR OBJECTIONS

The parties have the right to file objections to this Report and Recommendation within the time allowed by the Local Rules. If they do not object, they should advise the Chief District Judge, so that an order can be issued prior to expiration of the time allowed for objections.

Dated this 23rd day of January, 2012.

                                                         */s/ Alice R. Senechal*
                                                         Alice R. Senechal
                                                         U.S. Magistrate Judge